```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/7/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE FRANCO,

                 Plaintiff,

-v.-

ALL CITY IRONWORKS, LLC,

                 Defendant.

22 Civ. 6479 (JHR) (OTW)

ORDER

JENNIFER H. REARDEN, District Judge:

    On February 24, 2023, the Plaintiff in this action—brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*—requested approval of the parties' proposed settlement.  ECF No. 23 (letter appending proposed settlement agreement and retainer agreement); *see* ECF No. 24 (final proposed settlement agreement).  Under the FLSA, an employer who violates the requirement that overtime wages be paid must pay both the unpaid overtime compensation and an additional equal amount as liquidated damages.  *See* 29 U.S.C. § 216(b).  In the event of a settlement and dismissal under Rule 41 of the Federal Rules of Civil Procedure, the settlement—including any proposed attorney's fee award—must be scrutinized by the Court to ensure that it is fair.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect"); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (identifying factors a court may consider in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award).[1]

    **The Court does not have sufficient information to make an assessment of whether the parties' proposed settlement is fair and reasonable under the FLSA.  Specifically:**

- "[T]he Court requires evidence as to the nature of plaintiff['s] claims, the *bona fides* of the litigation and negotiation process, the employers' potential exposure both to plaintiff[] and to any putative class, the bases of estimates of plaintiff['s] maximum possible recovery, the probability of plaintiff['s] success on the merits, and evidence supporting any requested fee award." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015).  The "employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages," and "[i]f the parties dispute the computation of wages owed, the parties must provide each party's estimate of the number of hours worked and the applicable wage." *Mamani v. Licetti*, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (citation omitted); *see, e.g.*,

---

[1] Judicial approval is not required for settlement of FLSA claims by way of a Rule 68(a) offer of judgment.  *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019).

*Fernandez v. 219 Dominican Valle Corp.*, No. 19-CV-9513 (JPC), 2021 WL 240721, at *3 (S.D.N.Y. Jan. 25, 2021) (rejecting proposed settlement agreement because, *inter alia*, "the parties have neither explained how they arrived at the estimated total recoverable figures nor submitted any 'declarations, affidavits or exhibits substantiating [their] arguments'" (quoting *Lopez*, 96 F. Supp. 3d at 177)).

- "Courts must also review FLSA settlements to ensure that any award of attorney's fees is reasonable." *Santos v. EL Tepeyac Butcher Shop Inc.*, No. 15-CV-814 (RA), 2015 WL 9077172, at *2 (S.D.N.Y. Dec. 15, 2015). "To determine whether attorney's fees are reasonable, courts compare the amount sought to the lodestar amount, or the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Id.* "To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336. "In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* "While counsel's retainer agreement with the prevailing plaintiff may certainly be considered in assessing the reasonableness of the allocation of the proposed settlement corpus, in the end, it remains the Court's authority under § 216(b) of the FLSA to determine whether the proposed fee is a 'reasonable attorney's fee.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 231 (S.D.N.Y. 2016); *see Quispe v. Stone & Tile Inc.*, 583 F. Supp. 3d 372, 380 (E.D.N.Y. Feb. 1, 2022) ("'As a check on the reasonableness of attorney's fees . . . courts still calculate the total cost of attorney's hours billed . . .' even where a retainer agreement exists." (quoting *Gonzalez v. Citusa Park Avenue, LLC*, No. 20-CV-2326 (AT), 2020 WL 8920703, at *2 (S.D.N.Y. Nov. 30, 2020))).

Accordingly, it is hereby ORDERED that, on or before **August 21, 2023**, the parties must submit a joint letter, along with the required information, explaining why the parties' agreement should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See Wolinsky*, 900 F. Supp. 2d at 335-36.

**The parties are reminded that they have the option to consent to proceed for all purposes before the designated Magistrate Judge (the appropriate form of which is available at http://nysd.uscourts.gov/node/754), in which case the designated Magistrate Judge would decide whether to approve the settlement.** If all parties consent to proceed before the designated Magistrate Judge, they should file a fully executed version of the consent form on the docket by **August 21, 2023.**

SO ORDERED.

Dated: August 7, 2023
New York, New York

*/s/ Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge